UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| In re:<br><br>TIMOTHY D. FARMER,<br><br>      Debtor. | Chapter 13<br><br>Case No. 11-05527-8-SWH |
| TIMOTHY D. FARMER,<br><br>      Plaintiff,<br>v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>      Defendant. | Adv. Pro. No. 14-00147-8-SWH |

## JOINT PRECONFERENCE REPORT

Debtor Timothy D. Farmer ("Plaintiff") and Defendant Wells Fargo Bank, N.A. ("Defendant"), by and through their respective counsel, conferred pursuant to the Order of April 18, 2016 [Doc. 43] and submit this joint report pursuant to Rule 26(f) of the Federal Rules of Civil and Rule 7026 of the Federal Rules of Bankruptcy Procedure:

(A)    THE ISSUES RAISED BY THE PLEADINGS

**Plaintiff**

- Whether Defendant violated the Automatic Stay by contacting the Debtor after he had filed for Chapter 13 bankruptcy protection and had surrendered his property securing Defendant's loan in his bankruptcy case, contacting the Debtor after having been notified that the Debtor was represented by counsel, and by causing statements showing a growing loan balance and invoices to be sent to Debtors for lender placed insurance?

- Whether Defendant violated the Discharge Injunction by contacting the Debtor after he had filed for Chapter 13 bankruptcy protection and had surrendered his property

securing Defendant's loan in his bankruptcy case, contacting the Debtor after having been notified that the Debtor was represented by counsel, and by causing statements showing a growing loan balance and invoices to be sent to Debtors for lender placed insurance?

- The extent of compensatory, statutory and punitive damages suffered by Plaintiff as a result of Defendant's prohibited acts.

**Defendant**

- Whether the Defendant violated the Automatic Stay, 11 U.S.C. § 362, as claimed in the Amended Verified Complaint?

- Whether the Defendant violated the Discharge Injunction as claimed in the Amended Verified Complaint?

- The amount of any damages, if any, to be awarded to Plaintiff.

This is not meant to be an exhaustive recitation of the allegations and defenses set forth in the Complaint and Answers, and the parties reserve all claims and defenses set forth in the Complaint and Answers.

(B)   ISSUES CONCERNING JURISDICTION, VENUE, OR THE AUTHORITY OF THE BANKRUPTCY COURT

- Plaintiff contends it is a core proceeding; Defendant has admitted that Plaintiff's claims for alleged violation of the automatic stay and/or the discharge injunction are core matters.

(C)   WHETHER THE PARTIES, IF THE PROCEEDING IS NOT A CORE PROCEEDING, HAVE CONSENTED TO THE BANKRUPTCY JUDGE HEARING AND DETERMINING THE PROCEEDING PURSUANT TO 28 U.S.C. § 157(C)(2)

- Plaintiff consents to the bankruptcy judge hearing and determining the proceeding and entering a final order.
- Defendant contends that this topic is inapplicable to the case because Plaintiff contends that this case is a core proceeding and Defendant has admitted that Plaintiff's claims for alleged violation of the automatic stay and/or the discharge injunction, the only claims remaining in the case, are core matters.

(D)   THE DISPOSITION OF PENDING MOTIONS

- There are no pending motions.

(E) THE NECESSITY, DESIRABILITY, AND TIMING OF AMENDMENTS TO PLEADINGS, JOINDER OF ADDITIONAL PARTIES, THE FILING OF ADDITIONAL MOTIONS AND DISCOVERY

- The parties shall have 30 days after the scheduling order to amend the pleadings or join additional parties.

(F) THE TIMING AND FORM OF DISCLOSURES UNDER RULE 26(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE, INCLUDING A STATEMENT OF WHEN DISCLOSURES UNDER (a)(1) WERE MADE OR SHOULD BE MADE

- Rule 26(a)(1) disclosures shall be made within 30 days of the entry of the scheduling order.

(G) THE AMOUNT OF TIME THAT WILL BE NEEDED FOR DISCOVERY

- Discovery shall be completed before December 31, 2016.

(H) CHANGES THAT SHOULD BE MADE IN THE LIMITATIONS ON DISCOVERY IMPOSED BY THE FEDERAL RULES OF CIVIL PROCEDURE

- None

(I) WHETHER USE OF EXPERT WITNESSES IS CONTEMPLATED, AND IF SO, WHETHER AND WHEN THE DISCLOSURE OF EXPERT INFORMATION AS REQUIRED BY RULE 26(a)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE SHOULD BE REQUIRED

- Plaintiff does not anticipate the use of experts, but should Plaintiff choose to designate experts, Plaintiff's experts must be designated by August 31, 2016. Defendant must designate experts by September 30, 2016 and Plaintiff must designate rebuttal experts by November 30, 2016. All experts must be deposed on or before December 31, 2016.

(J) IF A JURY DEMAND HAS BEEN MADE IN A CORE PROCEEDING, WHETHER THE PARTIES CONSENT TO A JURY TRIAL IN THE BANKRUPTCY COURT;

- No jury demand has been made.

(K) WHETHER THE PARTIES HAVE ENGAGED IN SETTLEMENT DISCUSSIONS;

- The parties have not yet engaged in preliminary discussions regarding settlement of the matter. At this time, however, further factual investigation is necessary in order to determine whether Plaintiff's requests are appropriate in this instance.

(L) WHETHER THE PARTIES HAVE CONSIDERED VOLUNTARY OR COURT ORDERED MEDIATION AND/OR ARBITRATION;

- The parties will attempt to mediate before the end of discovery.

(M) THE NEED FOR ADDITIONAL PRETRIAL CONFERENCES;

- The parties do not anticipate the need for any conferences before the final pretrial conference.

(N) WHETHER THERE ARE WITNESSES WHOSE TESTIMONY COULD BE ACCOMMODATED AT DEPOSITION OR TRIAL BY VIDEO CONFERENCING, AND IF SO, WHAT STIPULATIONS CAN BE MADE REGARDING THE APPEARANCE OF WITNESSES BY VIDEO CONFERENCING.

- It is anticipated that some witnesses may be located out-of-state, and the parties stipulate to their appearance by deposition or video conference.

Dated: June 1, 2016

THE LAW OFFICES OF CHRIS VONDERAU, PLLC

*/s/ Christopher T. Vonderau*
Christopher T. Vonderau (N.C.S.B. # 25019)
4022 Shipyard Blvd.
Wilmington, NC 28403
Telephone: (910) 202-3110
Facsimile: (910) 397-7951
Email: NCLaw98B@Gmail.com
*Counsel for Plaintiff*

WOMBLE CARLYLE SANDRIDGE & RICE, LLP

*/s/ B. Chad Ewing*
B. Chad Ewing (N.C.S.B. #27811)
301 South College Street, Suite 3500
Charlotte, North Carolina 28202-6037
Telephone: (704) 331-4996
Facsimile: (704) 338-7854
Email: CEewing@wcsr.com
*Counsel for Defendant Wells Fargo Bank, N.A.*

4